# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT BOOKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CAUSE NO. 1:06-CV-167 TLS |
| SHERIFF HERMAN, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

While he was a prisoner confined at the Allen County Jail, Robert Booker submitted the complaint in this case under 42 U.S.C. § 1983 against Allen County, the Allen County Commissioners, the Allen County Risk Management officials, Allen County Sheriff James Herman, and Jail Commander Katherine Stevens. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis

omitted).

Mr. Booker brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Booker alleges that on March 13, 2006, jail officials put him in disciplinary segregation for hoarding medication. The toilet in his cell leaked and the mop used to clean up the water on his cell's floor had "Human Bio Waste in it." (Complaint at p. 3). His cell also had "trash food" that had rotted, and there was "some kind of brown sticky stuff on" the wall. Finally, Mr. Booker alleges that the next door cell had no running water; that its commode was full of human waste; and that he accidentally threw some of his food away because he thought "it was our food that smell[ed] of urine." (Complaint at p. 4). Mr. Booker apparently remained in segregation until March 26, 2006.

Mr. Booker seeks to sue Allen County, the Allen County Commissioners, and the Allen County Risk Management officials. But under Indiana law, a county jail is under the supervision of the county sheriff; the responsibility of administering and operating the jail is placed solely on the sheriff; and the sheriff is responsible for the care of the prisoners confined there. Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356–57 (Ind. App. 1994). "It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." *Hupp v. Hill*, 576 N.E.2d 1320, 1226 (Ind. Ct. App. 1991).

2

> The county commissioners, and accordingly, the county does not have any control over the acts of the sheriff. The sheriff is an office created by Article 6, § 2 of the Indiana Constitution and the powers and duties of the office are established by the legislature. *See e.g.,* Ind. Code Ann. § 36-2-13-5 (Burns Supp. 1986). Although the county commissioners have limited emergency powers relating to the appointment of extra deputies, those powers do not relate to the ability to control the acts performed by an deputy or, indeed, by the sheriff. *See* Ind. Code Ann. § 36-8-10-6(b) (Burns 1981). Hence, an agency relationship does not exist between the county and its commissioners and the sheriff.

*Delk v. Board of Commissioners of Delaware Co.*, 503 N.E.2d 436,440 (Ind Ct. App. 1987).

Mr. Booker also names Sheriff Herman and Jail Commander Stevens as defendants, alleging that the conditions he was subjected to for ten days on segregation violated his Fourth, Eighth, and Fourteenth Amendment rights. Claims occurring in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395, (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Mr. Booker was a pretrial detainee when he was segregated, so his claims arise under the Fourteenth Amendment. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."

*Wilson v. Seiter*, 501 U.S. at, 298, *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Jails do not have to duplicate the amenities of small hotels, and to make out a claim under 42 U.S.C. § 1983, a prisoner must show that intentional actions of the defendants served to deprive him of a constitutional right. *Martin v. Tyson*, 845 F.2d at 1457. Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971); *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring), and conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F.Supp. 723, 732 (N.D. Ind. 1996).

"Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). The conditions Mr. Booker complains of may have been inconvenient, uncomfortable, and unpleasant. But they did not place his welfare at serious risk or deny him the minimal civilized measure of life's necessities, and they did not violate his Constitutional rights for the period of ten days he was in segregation.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

SO ORDERED on June 28, 2006

   /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT